



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack Wiech
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Opinion No. O-4171
Re: Deferred judgments after
appeal to Court of Criminal
Appeals.

Your inquiry, stated herewith has been carefully considered by this office. Your question reads as follows:

"Where the defendant appeals to the Court
of Criminal Appeals from a conviction in a mis-
demeanor case in which the punishment assessed
was by fine only and the judgment of the trial
court is affirmed, does the trial court have
the authority to grant the defendant a deferred
judgment after receipt of the mandate of the
appellate court?"

Article 698 of the Code of Criminal Procedure, as
amended by the Forty-second Legislature at its Regular Session
in 1931 (General Laws, 42nd Leg.; Ch. 39, P. 59), reads as fol-
lows:

"On each verdict of acquittal or conviction,
the proper judgment shall be entered immediately.
If acquitted the defendant shall be at once dis-
charged from all further liability upon the
charge for which he was tried; provided that,
in misdemeanor cases where there is returned
a verdict, or a plea of guilty is entered and
the punishment assessed is by fine only, the
Court may, on written request of the defendant
and for good cause shown, defer judgment until
some other day fixed by order of the Court; but

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST AS...

in no event shall the judgment be deferred
for a longer period of time than six (6)
months. On expiration of the time fixed by
the order of the Court, the Court or Judge
thereof, shall enter judgment on the verdict
or plea and the same shall be executed as
provided by Chapter 4, Title 9, of the Code
of Criminal Procedure of the State of Texas.
Provided further, that the Court or Judge
thereof, in the exercise of sound discretion
may permit the defendant where judgment is
deferred, to remain at large on his own recog-
nizance, or may require him to enter into
bond in a sum at least double the amount of
the assessed fine and costs, conditioned that
the defendant and sureties, jointly and sev-
erally, will pay such fine and costs unless
the defendant personally appears on the day
set in the order and discharges the judgment
in the manner provided by Chapter 4, Title 9
of the Code of Criminal Procedure of the
State of Texas; and for the enforcement of
any judgment entered, all writs, processes
and remedies of the Code of Criminal Procedure
are made applicable so far as necessary to
carry out the provisions of this Article."

It has been repeatedly held that in order to give the
Court of Criminal Appeals jurisdiction on appeal of a misdemeanor
case, the record must contain a final judgment. And failure to
show a final judgment is fatal to an appeal. See 4 Texas Juris-
prudence 171-172, § 122; Owsley v. State, 112 Tex. Cr. R. 641,
18 S. W. (2d) 178; Sheffield v. State, (Tex. Cr. App.) 57 S. W.
(2d) 577; White v. State, 139 Tex. Cr. R. 415, 141 S. W. (2d)
339, and many others, as shown in Texas Digest, Criminal Law,
Key number 1086 (13).

When the appellate jurisdiction of the Court of Crim-
inal Appeals has once attached, it continues until the case, as
made by the appeal, is completely executed by the court below,
and it may issue all writs necessary to make its decrees effec-
tive. 4 Tex. Jur. 28, § 12, and cases cited.

When a misdemeanor case has been affirmed, the provi-
sions of Articles 849, 850 and 851, Code of Criminal Procedure,

Honorable Jack Wisch, Page 3

control. The articles read as follows:

"Art. 849. When the judgment of the Court of Criminal Appeals is final, the clerk shall make out the proper certificate of the proceedings had and judgment rendered, and mail the same to the clerk of the proper court.

"Art. 850. When the mandate of the Court of Criminal Appeals is received by the proper clerk, he shall file it with the papers of the cause, and note it upon the docket.

"Art. 851. In misdemeanor cases where the judgment has been affirmed, no proceedings need be had after filing the mandate, except to forfeit the recognizance of the defendant, or to issue a capias for the defendant, or an execution against his property, to enforce the judgment of the court, as if no appeal had been taken."

We do not think the language of Article 698, supra, authorizing a deferred judgment was intended to apply to cases where appeal is perfected and affirmed by the Court of Criminal Appeals. We are of the opinion that the judgment may be deferred only by the trial judge, in the exercise of his discretion, and then the terms of the statute must be strictly followed.

Your question is answered in the negative.

We wish to thank you for the brief submitted in your letter requesting this opinion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

APPROVED NOV 24, 1941

BW:RS

